UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YOK

_____

CHESTER T. OLSZEWSKI,

                Plaintiff,

v.                                                                 Civil Action No._____

NCO FINANCIAL SYSTEMS, INC.,

                Defendant.

_____

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.  INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter referred to as "FDCPA").

### II.  JURISDICTION AND VENUE

2. Jurisdiction of the Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper is this District under 28 U.S.C. § 1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Chester T. Olszewski, Plaintiff, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C § 1692a(3).

5. Defendant, NCO Financial Systems, Inc., is a New York State foreign business corporation, and is a debt collector as defined by 15 U.S.C. § 1692a(6).  The New York State Department of State indicates a registered address for service of process at CT Corporation System, 111 Eighth Avenue, New York, New York, 10011, and a principal executive office NCO Financial Systems, Inc., C/O Sessions, Fishman, Nathan & Israel, LLP, 3850 N Causeway Blvd, Suite 200, Metairie, Louisiana 70002.

6. Defendant regularly attempts to collect debt alleged to be due to another.

7. The acts of the Defendant alleged in this Complaint were performed by its employees acting within the scope of the actual or apparent authority.

8. All references to "Defendant" shall mean the Defendant or an employee of the Defendant.

### IV. FACTUAL ALLEGATIONS

9. Plaintiff incurred consumer debt approximately seven years ago in connection with the activation of a Home Depot credit card.  Said debt was incurred primarily for personal, family, and household use; accordingly, said debt is a "debt" as that term is defined by 15. U.S.C. § 1692a(5).

10. The approximate amount of the subject debt is $3,000.00.

11. A payment default occurred on the Home Depot credit card account.

12. Thereafter, the debt was consigned, placed, or otherwise transferred to Defendant for collection from Plaintiff.

13. In or about the spring of 2011, the Defendant contacted the mother-in-law of the Plaintiff's younger brother on more than one occasion.  The Defendant informed the mother-in-law of the Plaintiff's brother that the Plaintiff had used her as a reference and contact person on the account.  Defendant communicated to the mother-in-law of the Plaintiff's younger brother that Plaintiff owed a debt.

14. Plaintiff contacted the Defendant shortly thereafter, but was informed that the Defendant had no file on the Plaintiff.  Plaintiff provided his name, address, and telephone number to the Defendant at this time.

15. Toward the end of summer 2011, Defendant contact the mother and father-in-law of Plaintiff's older brother.  Defendant informed the in-laws of Plaintiff's older brother that they were used as references on the account.  Defendant disclosed to third parties that the Plaintiff owed a debt.

16. Approximately one day after the telephone call referenced in paragraph fifteen above, Defendant contacted the brother-in-law of Plaintiff's brother.  Defendant indicated that Plaintiff was in some sort of trouble, which was not true.

17. On or about October 25, 2011, Defendant called the Plaintiff's mother-in-law and informed her that the Plaintiff used her as a reference on the account.  Defendant disclosed to a third party the presence of a debt.

18. Throughout the aforementioned communications to third parties, the Defendant failed to limit the communication to the obtaining of location information.  Indeed, the calls were not warranted, as the Defendant was already in possession of the Plaintiff's location information, as Plaintiff provided it when he contacted the Defendant to investigate the purpose of the telephone calls to his relatives.  Additionally, the Defendant engaged in

misleading and false tactics by claiming that the third parties were listed as references on the account, which is not true.

## CAUSE OF ACTION

19. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 18 above.

20. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. § 1692b(1) by disclosing in third party communications the identity of the Defendant prior to an express request.

   B. Defendant violated 15 U.S.C. § 1692b(2) by disclosing in third party communications that the Plaintiff owes a debt.

   C. Defendant violated 15 U.S.C. § 1692c(b) by communicating with third parties in connection with the collection of a debt.

   D. Defendant violated 15 U.S.C. §§ 1692e, 1692e(10) by using false, deceptive, and misleading representations in connection with the collection of a debt, including, but not limited to, making false statements that certain third parties were listed as references or contact persons on the credit account, and making the false statement that the Plaintiff was in some sort of trouble.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. § 1692k;

(c) Cost, disbursements, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

(d) For such other and further relief as may be just and proper.

## V.  JURY DEMANDED

Please take notice that Plaintiff demands trial by jury in this action.

Dated:  November 7, 2011

s/ Brad J. Davidzik

Brad J. Davidzik, Esq.
Attorney for Plaintiff
Jeffrey Freedman Attorneys at Law
424 Main Street, Suite 622
Buffalo, New York 14202
(716) 856-7091
Email: bdavidzik@jeffreyfreedman.com
